1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9    UNITED STATES OF AMERICA, on behalf
     of U.S. General Services Administration,

10                              Plaintiff,                    C09-337Z

11   v.                                                       ORDER

12   TOM McMACKIN,

13                              Defendant.

14

15

16          THIS MATTER comes before the Court on a motion for summary judgment brought

17   by plaintiff United States of America, acting on behalf of the General Services

18   Administration ("GSA"), as well as on a motion to compel discovery and a motion to extend

19   the discovery period, both brought by defendant Tom McMackin.  Having reviewed all

20   papers filed in support of and in opposition to each motion, the Court enters the following

21   Order.

22          The Court may grant summary judgment if no genuine issue of material fact exists and

23   the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  When a

24   properly supported motion for summary judgment has been presented, the adverse party

25   "may not rely merely on allegations or denials in its own pleading."  Fed. R. Civ. P. 56(e).

26   Rather, the non-moving party must set forth "specific facts" demonstrating the existence of a

ORDER  - 1

genuine issue for trial. *Id.*; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A party cannot create a genuine issue of fact by simply asserting "some metaphysical doubt" as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Likewise, discrediting the testimony proffered by the moving party will not usually constitute a sufficient response to a motion for summary judgment. *Anderson*, 477 U.S. at 256-57. To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. *Id.* at 255, 257. When the record, however, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. *See* *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006).

In this action, GSA sought to evict defendant from leased premises located in King County, Washington, commonly known as Federal Center South, 1202 Building, 4735 East Marginal Way South, Seattle, Washington 98134. Defendant relinquished possession of the premises on May 11, 2009. GSA now seeks summary judgment as to (i) the unpaid rent prior to the effective date of GSA's termination of the lease, *i.e.*, for the period preceding October 7, 2008,[1] and (ii) double the unpaid rent for the period of unlawful detainer, *i.e.*, for the period from October 7, 2008 through May 11, 2009. In response, defendant concedes that he was delinquent on rent, but disputes the amounts alleged by GSA and asserts breach by GSA of duties owed under the lease. Defendant has not, however, presented any financial documents, *e.g.*, cancelled checks, bank statements, or the like, that would contradict GSA's calculation of the balance owed. Moreover, although defendant makes vague reference to deficiencies in GSA's management and/or maintenance of the leased premises, he offers no evidence of any contemporaneous notice to or other communication with GSA concerning

---

[1] Pursuant to RCW 59.12.030(3), defendant was guilty of unlawful detainer when he remained in possession of the space at issue for three (3) days after the date GSA set, via written notice served by certified mail, for defendant to remove himself from premises. GSA's deadline was October 3, 2008, *see* Exh. 5 to Complaint (docket no. 1-2), and thus, GSA's damage award for the period preceding October 7, 2008, may include only unpaid rent, and not double damages for unlawful detainer.

ORDER - 2

any breach of GSA's obligations under the lease, and the Court is not persuaded that the kinds of breach mentioned in defendant's response would excuse his failure to pay rent for a commercial (as opposed to a residential) property.  *See* *Sprincin King St. Partners v. Sound Conditioning Club, Inc.*, 84 Wn. App. 56, 68, 925 P.2d 217 (1996).  Thus, the Court concludes that defendant has not come forward with the type of specific facts required to survive GSA's motion for summary judgment.

With regard to double damages, GSA cites to RCW 59.12.170, which mandates an award of "twice the amount . . . of the rent, if any, found due."  Defendant challenges the application of state law, but he cites to no authority for the proposition that resort to state law in this context is improper.  Indeed, in computing damages for unlawful detainer, at least two courts have expressly relied on state statutes authorizing either double or treble damages. *See* *United States v. Hall*, 588 F.2d 1214 (8th Cir. 1978) (employing Missouri statute); *Stoltz v. United States*, 99 F.2d 283 (9th Cir. 1938) (applying Montana law).  *But see* *United States v. Magnolia Motor & Logging Co.*, 208 F. Supp. 63, 66 (N.D. Cal. 1962) ("Cases holding that state law should be looked to for the measure of compensatory damages are not authority for imposing penalties under the guise of damages.").  The Court is mindful of Washington's general proscription against punitive damages, but the doubling of damages incurred during the unlawful detainer period does not offend such policy, *see* *Sprincin*, 84 Wn. App. at 65, and the statute at issue appears to make such award mandatory, *see* RCW 59.12.170 ("the judgment *shall* be rendered against the defendant guilty of the . . . unlawful detainer for twice the amount . . . of the rent, if any, found due" (emphasis added)).

For the foregoing reasons, the Court hereby ORDERS:

(1)     GSA's motion for summary judgment, docket no. 12, is GRANTED;

(2)     GSA is entitled to judgment against defendant in the following amounts:

| | | |
|---|---|---|
| Unpaid rent prior to October 7, 2008 | $ 4,526.15 | |
| Unpaid rent from October 7, 2008, through October 31, 2008 | $ 2,285.94 | |
| Unpaid rent from November 1, 2008, through April 30, 2009 | $ 17,007.36 | |
| Unpaid rent from May 1, 2009, to May 11, 2009 | $ 1,005.84 | |
| Filing fee | $ 350.00 | |
| TOTAL | $ 25,175.29 | |

Such judgment shall bear interest at the rate of three-tenths of one percent (0.3%) per annum from the date of judgment until paid in full, pursuant to 28 U.S.C. § 1961;

(3)     For the reasons stated in GSA's response, defendant's motion to compel discovery, docket no. 16, is DENIED;

(4)     Defendant's motion to extend discovery deadline, docket no. 17, is STRICKEN as moot;

(5)     The Clerk is directed to enter judgment consistent with this Order, to CLOSE this case, and to send a copy of this Order to all counsel of record and to defendant pro se.

IT IS SO ORDERED.

DATED this 21st day of June, 2010.

Thomas S. Zilly
United States District Judge

ORDER  - 4